IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CARLETON W. ROGERS, | § | |
| TDCJ-CID # 1348848, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-0126 |
| | § | |
| POLICE CHIEF WOOLDRIDGE, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Carleton W. Rogers, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 against the City of Edna, Texas; Edna Police Chief Wooldridge; Jackson County, Texas, District Attorney Bob Bell; Child Protective Services (CPS) Worker Vicki Kaelin, and Patti May Hays, a purported attorney.[1]  After reviewing the pleadings, the court has determined that this action should be **DISMISSED** as frivolous.

**I. Claims and Allegations**

Although unfocused, Rogers's pleadings and related documents (Docket Entry Nos. 1, 3, 4, 6, 14, 12, and 17) reveal that his complaint centers on a dispute with government authorities concerning the care, control, and custody of his children after he was incarcerated. His incarceration stems from a controversy over his management of his children's welfare. Rogers lived in Alabama

---

[1] Rogers states that Hays represented him at trial in Jackson County (*See* Docket Entry No. 3, at 6); however, the State Bar records do not indicate that there is a licensed attorney in Texas named Patti May Hayes. A Defendant Waiver, submitted by Rogers, indicates that William Allen White of Victoria served as defense counsel. *See* Docket Entry No. 13, at 2.

where he had been married with four children. The marriage ended in divorce, and he was awarded custody of the children because his former wife had serious difficulties managing her affairs. Rogers indicates that he had obtained a restraining order during the divorce proceedings and that his former wife effectively abandoned their children.

In February of 2002, Rogers was hired to work as a driver for the United States military forces in Corpus Christi, Texas. As a result, he removed his children from school in Alabama and moved them to Texas where he planned to enroll them after starting his new job. The family did make it to Corpus Christi, but Rogers needed to go back to Mobile, Alabama. *See* Docket Entry No. 26, *Letter from Roger's Mother*. However on the return trip, Rogers's motor vehicle suffered a mechanical break down along US Highway 59 near Edna, and the family had to check into a motel while Rogers attempted to repair his damaged engine.

Apparently, CPS was notified that a man and four children were living in a two bed motel room and began investigating their circumstances. Rogers contends that officials harassed him, and that after several days, a law officer served him with notice concerning his children's welfare. *See* Docket Entry No. 6. Rogers alleges that during this confrontation with the officer he avoided making any threatening gestures but he did pick up a hammer, without considering its implications, and told the officer, "Just shoot me." *Id.* The officer then immediately arrested him.

Rogers was jailed and charged with assaulting a police officer. He alleges that his attorney did nothing to assist him and that Bell threatened him with a twelve to fifteen year prison sentence if he did not plead guilty. Consequently, Rogers entered into a plea agreement and was sentenced to six years in the TDCJ-CID. A consequence of the proceedings was that Rogers's children were

first given to his ex-wife and were later placed in state custody when she proved to be incapable of caring for them.  Rogers seeks a release from custody and the return of his children.

## II. Analysis

To state a claim under section 1983, the plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a state actor.  *Leffall v. Dallas Independent School District*, 28 F.3d 521 (5th Cir. 1994).  It has been established for some time that federal courts generally do not exercise jurisdiction over family law disputes unless there is a showing of a constitutionally defective proceeding.  *Rowell v. Oesterle*, 626 F.2d 437, 438 (5th Cir. 1980), *citing Barber v. Barber*, 62 U.S.582, 21 How. 582 (1859).  In general, these matters have been left to the state courts to apply the laws of their respective states.  *Id*.

There is no indication that the family court proceeding was constitutionally infirm.  Rogers lost custody of his children because he was incarcerated.  His challenge is the validity of his arrest and  subsequent conviction for assaulting a police officer.   Such a challenge cannot be pursued through a § 1983 action; it is cognizable only in a habeas corpus proceeding.  *Boyd v. Biggers*, 31 F.3d 279, 283 n.4. (5th Cir. 1994), *citing Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973).  Rogers has filed a habeas petition in the United States District Court for the Southern District of Alabama. *Rogers v. Mobile County Jail*, No. 05-0573-WS-C (S.D. Ala.).  The court transferred the habeas action to this court where it is now pending.  *Rogers v. Mobile County Jail*, No. V-06-058 (S.D. Tex.).  Therefore, Rogers's claims must be resolved in that proceeding before he seeks relief in a civil rights action. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing*, *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

This prisoner action should be dismissed as frivolous because it lacks an arguable basis in law. 28 U.S.C. § 1915(e)(2); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158 (5th Cir. 1995). However, this dismissal is without prejudice to Rogers seeking federal habeas relief in Cause No. V-06-058.

Rogers has filed a motion for appointment of counsel and for transfer of his criminal proceeding from state court to federal court. As noted above, Rogers had an attorney at his criminal trial. He does not have a constitutional right to a court appointed attorney at a civil proceeding such as this. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). The motion for court appointed attorney (Docket Entry No. 5) will be **DENIED** because this action is frivolous and such an appointment would not serve the ends of justice. *See Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998).

Rogers's motion to transfer the state criminal matter (Docket Entry No. 5) will be **DENIED** because this court will not exercise jurisdiction over a state court proceeding without a showing that all necessary remedies have been exhausted. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Roger's subsequent motion for court appointed counsel and subpoena of witnesses (Docket Entry No. 9) and his motion seeking dismissal of charges and return of his children (Docket Entry No. 21) shall also be **DENIED** for the reasons stated above.

Rogers has filed this action without paying the filing fee although he has submitted records (Docket Entry No. 18) which indicate that he is indigent. Therefore, the court will **GRANT** Rogers permission to proceed *in forma pauperis*. However, Rogers is obligated to pay the entire filing fee ($ 250.00) under 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund will be **ORDERED** to

deduct 20 percent of each deposit made to Rogers's account and forward the funds to the Clerk of this court on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee has been paid.

### III. Conclusion

The court **ORDERS** the following:

1. The TDCJ-CID Inmate Trust Fund shall collect the filing fee ($ 250.00) and forward it to the Clerk of this court as provided in this Memorandum Opinion and Order.

2. This cause of action, filed by Inmate Carleton W. Rogers # 1348848, is **DISMISSED** as frivolous.  28 U.S.C. § 1915A.

3. All pending motions (Docket Entry Nos. 5, 9, and 21) are **DENIED**.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; ; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 20th day of September, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE